Ponto agt. Phelps.

rant of attachment had nothing to support it, but was wholly void, and should have been set aside.

The defendant asked also by his motion to have the order of publication set aside; but I do not see why that was not regularly granted, under the general provision for the service of a summons upon a non-resident defendant, without any reference to the attachment. So far as that is concerned, the order appealed from is correct.

The order, therefore, so far as it refuses to set aside the warrant of attachment, should be reversed, and an order setting aside the attachment granted, and in other respects affirmed. No costs of the appeal allowed to either party.

---

## SUPREME COURT.

FRANCIS PONTO, appellant agt. JAMES H. PHELPS, respondent.

Where a justice of the peace, under the provisions of section 371 of the Code, and after a written acceptance of an offer, upon appeal, to allow judgment for a certain sum, "makes a minute thereof in his docket, and corrects such judgment accordingly," but refuses to allow *disbursements and costs in the court below to the appellant*, the appellant may apply to the county court *by motion* and have such *costs taxed*, and judgment entered in his favor for the amount in the *county court;* and an appeal can be taken therefrom to the supreme court:*

*Syracuse General Term, June,* 1868.

*Before* FOSTER, MULLIN *and* MORGAN, *Justices.*

ON the 21st day of December, 1867, the above named plaintiff recovered a judgment against the above named

---

*NOTE.—The county court, therefore, under section 371 of the Code, has jurisdiction over the *costs and disbursements* of the appellant and the *power of taxation* thereof, and of entering judgment thereon, *on motion;* while the justice has jurisdiction of the judgment corrected in favor of the respondent, and the power to proceed to the collection thereof; because that section declares that, after the correction of the judgment accordingly," *the same so corrected shall stand as his judgment, and be enforced accordingly."* It seems to be difficult to understand how the county court gets jurisdiction of any part of the case *by motion*, after the appeal is disposed of by the entry of a corrected judgment, which is to stand as the judgment of the justice.—REP.

defendant, in a justice's court, for $60 damages and $7.35 costs; in all $67.35. On the 9th of January thereafter the defendant served a notice of appeal to the county court of Jefferson county, in which he offered to allow the judgment to be corrected and to stand and be enforced for $40 damages and $5.00 costs; in all $45.00; and that he would pay that amount. This offer was accepted by the plaintiff, on the 14th of January, 1868, and notice thereof given to the defendant on the 15th January, who accepted the plaintiff's offer or acceptance; and thereupon defendant went before the justice and had him correct the judgment accordingly, and enter judgment for $40 damages and $5.00 costs. After this was done, as provided by section 371 of the Code, the defendant asked the justice to indorse on such judgment, so corrected as aforesaid, the further sum of $12.20, which he claimed as his disbursements on appeal and costs in the court below. This the justice refused to do; when the defendant made a motion to the county court to have that court tax his costs and set them off against the judgment in the court below. The motion was heard before the Jefferson county court, February 4, 1868, and granted. The defendant's costs were taxed by the said county court at $12.20, and a judgment ordered in his favor for that amount against the plaintiff.

From this order the plaintiff appeals to this court, and asks that the order of the county court be set aside, with costs, on the ground that the county court of Jefferson county had no power to hear the motion or make the order; for the reason—

*First.* That the action was not in the county court at the time the motion was made; and,

*Second.* The county court has no power to tax costs in any action; and,

*Third.* It can only order judgments in actions brought into that court by appeal, and there heard and decided; in

Ponto agt. Phelps.

which case the costs follow by force of law, and are to be taxed by the clerk, and not by the court.

N. WHITING, *attorney for plaintiff.*

I. I will first examine the force of the first objection, to wit., "that the action was not in the county court at the time the motion was made." At the time this motion was made, the justice had, as provided by section 371, corrected his judgment, undertaking and execution, and made the judgment $40 damages and $5.00 costs, in all $45, which amount the defendant by his written offer had agreed to pay; and the justice then refused to make any further deductions, and would not allow the defendant the further sum of $12.20, as he had no power to do so; and then the defendant makes this motion.

Now, section 371 of the Code provides that, when these offers are made and accepted, "the appellant *may* thereupon, and within five days thereafter, file with the justice a written acceptance of such offer, who *shall* thereupon make a minute thereof in his docket and correct such judgment accordingly, and the same so corrected shall stand as *his judgment*, and be enforced accordingly." And the execution to be issued thereon, and undertaking given, &c., shall all be corrected and enforced by the justice. I say, therefore, that the moment the appellant presented to this justice the offer and acceptance, and had the justice correct his judgment, it destroyed the force of the appeal and returned the whole proceedings to the justice's court, and the county court had no power over them any longer, and all proceedings had in them thereafter must be had in the justice's court.

The next objection is, "The county court has no power to tax costs in any action." That is a court of limited jurisdiction; and the power to do any act must be found in some statute, or they have no power. (1 *Code R. N. S.* 75; 5 *How.* 446; 15 *Abb.* 214.) And the power to do the act must affirmatively appear. It is not necessary to show want of power outside of the moving papers; the power must be shown affirmatively in the papers. (2 *Seld.* 176.) Now, it affirmatively appears in these papers that the judgment is and was in the justice's court when this motion was made, showing the entire want of power. But we go further, and show affirmatively that he has no power. Section 303 of the Code abolishes all former statutes in relation to costs, or fees, &c.; and section 311 authorizes the clerk of the court, on two or five days notice, to tax the costs and disbursements of the prevailing party, and enter the same in a judgment; and the clerk by this section can only tax costs, &c., in case of final judgment. Judge HARRIS, in 5th *How. Pr. R.* 5, says, "the clerk is the only officer authorized by the Code to tax or adjust costs;" and his authority is limited to cases of final judgment. (*See also* 6 *How.* 413; 4 *How.* 361; *Id.* 304; *to the same effect.*)

The clerk being the taxing officer in all the courts, I will now see in what manner and in what cases the court can examine into the question of costs. Judge HARRIS, in 8 *How.* 5, says "taxation of costs by a judge at chambers is a nullity;" and the amount of costs in in interlocutory proceedings should be fixed in the order granting them, or provide in the order for their being taxed by the clerk; and if none are provided in the order, none can be collected. Section 368 of the Code awards costs to the appellant on reversal, and to the respondent on affirmance. Section 369 provides for the court ordering restoration, where the judgment is reversed, after it has been paid; and section 370 authorizes the court, when, upon appeal, a recovery is had by one party and costs awarded to the other, to set one off against the other and to

order judgment for the.balance. We say, therefore, that the county judge had no power over these costs.

But it is claimed by the defendant that section 371 allows these costs and disbursements, and the power to enforce them must be somewhere. So much of section 371 as is claimed allows these costs reads as follows: "If the offer be made and accepted by the appellant, the appellant shall recover all his disbursements on appeal, and all his costs in the court below. But he shall not recover costs except as provided in this chapter." This section is found in chapter 5, beginning with section 351 and ending with 371; and sections 368, 369, 370 and 371 are the only sections in that chapter that say anything about costs. Section 368 awards costs to appellant on reversal, and to respondent on affirmance. Section 369 gives power of restitution, when judgment has been paid and afterwards reversed; and section 370 authorizes the court to set off costs against recovery, in case of appeal, where one party recovers and costs are awarded to the other. So that we find that neither of these three first sections authorize the costs in this case. Now, section 371 first provides for the offers made in this case, their acceptance, &c., and then says, the "appellant shall not recover costs, unless the judgment appealed from shall be reversed on such appeal, and be made more favorable to him to the amount of at least $10." This part of the section evidently refers to cases where the appeal is taken and heard and disposed of in the county court, and does not therefore provide for these costs. But the section further provides that, "whenever costs are awarded to the appellant, he shall be allowed to tax as a part thereof the costs and fees paid the justice, and his disbursements, &c." Now, when are these costs and disbursements to be awarded? I answer, it is in cases provided for by section 368, to wit., "when the judgment is affirmed, that they shall be awarded to the respondent, and when reversed, to the appellant;" and the court has nothing to do with awarding them, the law itself awards them. (1 E. D. Smith, 398, 411; 12 How. 367; 2 E. D. Smith, 85.) It would seem, then, that these costs can only be awarded to the appellant when he reverses the judgment or reduces it at least ten dollars, and in this case he has done neither.

Now, section 371 further provides, that, "when the judgment in the suit before the justice was against the appellant, he shall further be allowed to tax the costs incurred by him which he would have been entitled to recover in case the judgment below had been rendered in his favor." This portion of the section also evidently refers to cases where the appellant entirely reverses the judgment, and final judgment is entered in his favor in the county court. This section starts off with the proposition that "costs shall be allowed to the prevailing party, in judgments rendered on appeal, in all cases, with the following exceptions and limitations;" and then goes on to provide for the statement in the notice of appeal, offer, acceptance, &c.; and then goes on to say the "appellant shall not recover costs unless the judgment appealed from shall be reversed or reduced at least ten dollars." In conclusion, I say, therefore, section 371 gives the appellant costs and disbursements on appeal when he reverses the judgment on appeal, or reduces it $10, and gives him costs and disbursements in the court below when he entirely reverses the judgment of the court below, and final judgment is awarded in his favor on appeal. Judge WOODRUFF. in 4 E. D. Smith, 12, says: "When a judgment for the plaintiff is reversed in this court, without an award of judgment for the defendant upon the merits, the costs incurred by the defendant in the court below cannot be allowed to him." It would appear. therefore, that appellant, on reversal, cannot recover costs and disbursements in the court below, unless the county court order final judgment in his favor. So that the judgment will be a bar to another action. (See 4 E. D.

Ponto agt. Phelps.

*Smith, supra.*)   This they will do when they can see he ought to have it, and ought to have succeeded in the court below.

From the notice of appeal, offer, acceptance, and entry of modified judgment, it appears, in this case, that the plaintiff was entitled to judgment in the court below; and he now has, by defendant's own acts, a judgment therein against the defendant of $45, which most clearly shows that plaintiff was entitled to costs there; for, by section 2, laws of 1866, page 1482, it is provided, that, " whenever a judgment shall be rendered in a court of justice of the peace, in civil actions, it shall be with costs of suit;" and the same provision was in the laws of 1857 and the Revised Statutes, and both parties cannot, certainly, be entitled to costs.

Suppose A sues B on a note of hand for $50; B defends; A obtains judgment for $50 damages and $5.00 costs; B brings an appeal, and states that the judgment ought only to be $49 damages and $1.00 costs; A does not want to go to the expense of a new trial in the county court, so he deducts the $5.00 and accepts the offer, and the appellant then turns around and asks A to pay $12.20, his costs and disbursements, as in this case.   Or suppose the note is $5·00; B defends, and A gets judgment for the note and $2.00 costs; B appeals, and offers to allow judgment to stand for $4.00 damages and $1.00 costs; the offer is accepted. and B presents a bill of costs of $12.20, as in this case, and demands that A pay him the difference. No one would pretend that this was justice or law, and yet that is just what appellant has done in this case.   The law does not require any return in this case, and none is made. Why, then, should the plaintiff be forced to pay $2.00 for a return, when none is wanted and none is made?   I say, therefore, first, that the defendant is not entitled to his costs and disbursements, $12.20; and if he is, the county court have no power to adjust them, and he must recover them by action, and not by motion.

Again, section 2d of the laws of 1866, page 1482, gives the prevailing party in a justice's court costs.   The plaintiff prevailed in the justice's court, and under this law was entitled to costs.   That ends the question of costs in the court below.   As to the disbursements on appeal, none is necessary.   The appellant may serve his notice of appeal on the justice and respondent, and pay no costs, and then hold on fifteen days, and if the offer is accepted, he can go before the justice and have the judgment corrected, without paying one cent; and if the offer is not accepted in the fifteen days, he has five days in which he can pay the justice his costs and for making the return, and the appeal goes on, and nothing is to be allowed for the disbursements on appeal; none are had, and none are necessary.

The order of the Jefferson county court should be reversed, with the costs of this appeal.

WELCH & FRANCIS, *attorneys for defendant.*

THE COURT ordered that the order of the county court appealed from be in all things affirmed, with $10 costs. No written opinion was given.